Cook Electric Company, Plaintiff-Appellee, *v.* Irving Kolodny *et al.,* d/b/a National Dye Works, Defendants-Appellants.

(No. 54471;

First District—August 26, 1971.

Rappaport, Clorfene & Rappaport, of Chicago, (Hamilton Clorfene, of counsel,) for appellant.

Defrees, Fiske, Voland, Alberts & Hoffman, of Chicago, (Edward J. Griffin, of counsel,) for appellee.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

This action was brought by plaintiff to recover damages for the value of property held by defendants as bailee and not returned to plaintiff. After a bench trial, judgment was entered for plaintiff, and defendants appeal.

Defendants owned and operated a textile dyeing business. On July 2, 1963 plaintiff delived to defendants 2,704 yards of Fortisan acetate cloth to be treated with a solution of sodium chlorate. The purpose of the treatment was to make the cloth so inflammable as to leave no identifiable residue after combustion. Although defendants were not informed of the intended use of the cloth, it was to be used as parachute material. The cloth apparently remained at defendants' plant for over three weeks, but was not treated with the solution. On July 26, 1963 defendants informed plaintiff in writing that its cloth had been entirely destroyed in a fire which occurred in defendants' plant on the evening of July 24.

■ Plaintiff's complaint originally alleged that its cloth was destroyed by the fire. After discovery depositions were taken, plaintiff filed an amended complaint deleting the specific charge that the cloth was destroyed in the fire. At trial plaintiff presented evidence of the value of the cloth, of its delivery to defendants, and that the cloth was not returned. It is undisputed that plaintiff had thus established a *prima facie* case in its favor, and that defendants thereupon had the burden of proceeding with the evidence. *Byalos v. Matheson* (1927), 328 Ill. 269, 159 N.E. 242; *Miles v. International Hotel Co.* (1919), 289 Ill. 320, 124 N.E. 599.

In order to meet that burden, defendants offered the testimony of Morris Kolodny, one of the partners in the operation of defendants' business. Kolodny testified that after its delivery plaintiff's cloth was tightly wound into one large roll around a wooden spool. The roll of cloth was then stored with 73 other rolls of cloth and 24 empty wooden spools in one section of the plant. Kolodny particularly noticed the roll of cloth belonging to plaintiff before he closed the plant a few hours before the fire. After the fire Kolodny could not find any residue of plaintiff's cloth nor of the wooden spool. All of the other rolls of cloth and spools were identified and listed in an inventory taken after the fire. Kolodny testified further that he did not report the loss of plaintiff's cloth because he was informed by the insurance adjuster that plaintiff's cloth would not be covered by the insurance policy.

Russell Whiteman, an adjuster for the company which insured defendants, testified as a rebuttal witness for plaintiff. Accompanied by one of the defendants and defendants' adjuster, Whiteman inspected the plant the morning after the fire and made an inventory of the damage to customers' property. The fire in the plant was up high and had spread to the roof. There was little fire damage to the property located on the floor. While the rolls of cloth were all water-logged, there were only a few rools which were burned, and this burning was limited to a charring or singeing of the top layers. Whiteman found no evidence that any rolls of cloth had been totally destroyed. While not personally familiar with Fortisan, Whiteman testified that any acetate cloth would melt in a fire and leave a hard plastic residue. He did not believe that acetate would burn without leaving a residue. No one informed Whiteman that plaintiff's cloth was on the premises at the time of the fire, and he denied telling anyone that plaintiff's cloth would not be covered by the insurance policy.

Harry A. Sommerfield, a public insurance loss adjuster who represented defendants in their loss claims, also testified in rebuttal for plaintiff. Sommerfield saw no evidence that any rolls of cloth had been burnt beyond recognition. He also testified that the plant fire burned only the outer layers and ends of some of the rolls of cloth. Based upon his experience, Sommerfield believed that rolls of cloth wrapped around a wooden core under the conditions present in the instant fire would not have burned completely.

At the conclusion of the evidence, the trial judge found that the Fortisan cloth was not involved in the fire, since there would have been some trace of it afterward. He then entered judgment for plaintiff.

Defendants contend that the trial court incorrectly held that they were absolute insurers of plaintiff's goods. Under the same heading, they further argue that once they proved that plaintiff's cloth was destroyed in the fire, they had satisfied their burden of proceeding with the evidence and were entitled to judgment. However the trial court determined that plaintiff's cloth was not destroyed in the fire, and that therefore defendants' failure to return the goods entitled plaintiff to judgment. Consequently the primary issue presented to this court is whether the trial court's determination was supported by the evidence.

It is so well settled as not to require citation of authority that the trier of fact is in a superior position to a reviewing court to observe the conduct of the witnesses while testifying, to determine their credibility, and to weigh and determine the preponderance of the evidence. And the reviewing court will not disturb the trial court's holding unless

it is manifestly against the weight of evidence. In the instant case, defendants presented only the testimony of Morris Kolodny to support their defense that plaintiff's cloth had been so totally destroyed in the fire that there was not even a trace of its existence in the plant after the fire. Two expert and disinterested witnesses contradicted Kolodny's testimony. The trial court accepted their testimony, and found that plaintiff's goods were not destroyed by the fire. We cannot say that such a determination was erroneous. We find no merit in defendants' suggestion that Fortisan cloth was super-flammable type of cloth. If that were true, it would have been unnecessary to treat it with sodium chlorate. Additionally, there was testimony that Fortisan was an acetate material not unlike much of the other cloth stored in the plant.

█ Moreover, even if the trier of fact had been persuaded that plaintiff's roll of cloth was destroyed in the fire, to avoid liability defendants as bailee would have the burden of proving freedom from negligence in that fire. (*Heyman & Bros. Inc. v. Marshall Field & Co.* (1939), 301 Ill. App. 340, 22 N.E.2d 776; *Clemenson v. Whitney* (1925), 238 Ill.App. 308.) In the present case, no evidence was presented as to the cause of the fire, and defendants offered no evidence of their freedom from negligence. The fire may well have occurred through the negligence of defendants; for that reason also, judgment was properly entered in favor of plaintiff.

█ Defendant also argue that the trial judge based his decision upon matters outside the record. They object particularly to the following statement of the court:

"I cannot conceive how a thing like that, wound tightly, which has to burn from the outside in, could be totally consumed, even if you had it on the hottest flame, it would take hours and hours to be consumed."

The comment of the judge was a conclusion consistent with the testimony of the witnesses; it was an express statement of a conclusion implicit in his finding. There was nothing improper about the remark.

The judgment of the circuit court is affirmed.

Judgment affirmed.

DEMPSEY and McGLOON, JJ., concur.