James Coates Motors, Inc., Plaintiff-Appellee, *v.* Avis Rent-A-Car System, Inc., Defendant-Appellant.

(No. 58908;

First District (4th Division)—April 24, 1974.

Allan N. Lasky, Joel L. Widman, and Howard P. Alterman, all of Chicago, for appellant.

920

O'Brien, Hanrahan, Wojcik, and Conniff, all of Chicago (James S. Conniff, of counsel), for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Cook County granting the plaintiff's motion for judgment on the pleadings. In its complaint the plaintiff alleged that on or about March 30, 1972, it purchased a certain automobile from the defendant, that with the express and/or implied consent and permission of the defendant it left this automobile in the defendant's care, custody and control, and that on April 3, 1972, it demanded the vehicle's return, but the defendant failed, was unable and/or refused to deliver it.

The defendant filed an answer and affirmative defense and, later, an amended answer and affirmative defense. Paragraph 1 of the amended answer admitted purchase by the plaintiff of the vehicle referred to in the complaint and stated that this vehicle was purchased along with several others on March 29, 1972, and that the titles to all of the vehicles were delivered to the plaintiff on March 29. Paragraph 2 denied that the plaintiff had left the vehicle in the defendant's custody with its permission and stated that the plaintiff had agreed to take delivery of the vehicles within twenty-four hours, but had failed to do so. It alleged that the risk of loss had passed to the plaintiff on March 29, when it took title to the vehicles. Paragraph 3 stated that all of the vehicles purchased by the plaintiff were ready for delivery on March 30, as agreed, but that the plaintiff did not take delivery of them on that day. It stated further that the plaintiff took partial delivery on March 31, and returned to take delivery of the remainder on April 2, at which time it was discovered that the vehicle in question was missing. Paragraph 4 denied that the defendant failed to deliver the vehicle and stated that the defendant was ready, willing and able to deliver the vehicle on March 30. The affirmative defense reiterated in substance the allegations contained in the answer, including that the risk of loss had passed to the plaintiff on March 29, and stated further that the vehicles purchased by the plaintiff had been stored on a lot owned by the defendant that was completely enclosed with a barbed wire and chain-link fence and was guarded continually by the defendant's employees during the hours that it was not locked.

The plaintiff moved for judgment on the pleadings. After a hearing, the court granted the motion and entered judgment against the defendant in the amount of $3250 and costs. The defendant instituted the present appeal from this judgment.

■■ Section 45 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch.

110, par. 45) provides that "[a]ny party may seasonably move for judgment on the pleadings." The motion raises the question whether there is any issue of material fact present by the pleadings, such as would require a hearing on the merits, and if there is no such issue, which party is entitled to judgment. (*Transport Insurance Co. v. Old Republic Insurance Co.* (1972), 6 Ill.App.3d 844 286 N.E.2d 755; *Baillon v. S. S. Kresge Co.* (1972), 4 Ill.App.3d 82, 277 N.E.2d 719.) In ruling on the motion, the court must take as true all well pleaded facts, and all fair inferences drawn therefrom, contained in the pleadings of the party opposing the motion. (*Cunningham v. MacNeal Memorial Hospital* (1970), 47 Ill.2d 443, 266 N.E.2d 897; *Rhodes v. Rhodes* (1967), 82 Ill.App.2d 435, 225 N.E.2d 802.) Where the pleadings put in issue one or more material facts, evidence must be taken to resolve such issue or issues, and a judgment may not be entered on the pleadings. *A. A. Erickson Bros., Inc. v. Jenkins* (1963), 41 Ill.App.2d 180, 190 N.E.2d 383.

On appeal the defendant contends that the court erred in granting the plaintiff's motion because its amended answer and affirmative defense admitted only the sale of several automobiles and that it was unable to deliver the vehicles in question upon request and raised several material issues of fact. These are stated as whether title passed to the plaintiff on March 29 and whether the vehicles were left at the defendant's lot with defendant's express or implied consent. The defendant also contends that the well pleaded facts in its answer and affirmative defense establish that the risk of loss passed to the plaintiff on March 29 and therefore that the defendant, if anyone, was entitled to judgment on the pleadings.

■■ After reviewing the record, we believe that the trial court acted properly in entering judgment for the plaintiff. We agree with the defendant that its answer and affirmative defense raised an issue as to the point at which the risk of loss passed to the plaintiff, but it is our opinion that this issue is not material. The plaintiff's complaint sounds in breach of bailment rather than breach of the contract of sale. Thus the plaintiff established a prima facie case by alleging merely that it had left the vehicle with the defendant in good condition and that the defendant had refused or been unable to return it when requested, and these allegations were not denied.

■■■ It is true that a bailee is not an insurer and is not liable in the absence of negligence. (*Vander Beke v. Stone* (1957), 14 Ill.App.2d 109, 142 N.E.2d 814.) However, when a bailor establishes that a chattel stored in good condition was not returned, a presumption of negligence arises (*Clark v. Fields* (1967), 37 Ill.2d 583, 229 N.E.2d 676;

*Lederer v. Railway Terminal and Warehouse Co.* (1931), 346 Ill. 140, 178 N.E.2d 394), which shifts the burden to the bailee to come forward with evidence that he was free from fault. (*Vander Beke v. Stone* (1957), 14 Ill.App.2d 109, 142 N.E.2d 814.) In the present case the only allegation which appears related to the defendant's lack of fault is the statement in the affirmative defense that it stored the plaintiff's vehicles in a fenced and guarded lot. In our view, this by itself was not sufficient to raise an issue as to whether the defendant was negligent. We hold, therefore, that the defendant failed to deliver the plaintiff's vehicle when it was required to do so and that it did not overcome the presumption that this failure was due to its own fault.

We have considered the authorities cited to us by the defendant concerning risk of loss in a sale of personal property, but find them inapplicable in the present case, which we perceive to be founded upon the breach of a bailment created after the sale was completed. For these reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO, P. J., and DIERINGER, J., concur.