AMERICAN AMBASSADOR CASUALTY COMPANY, a/s/o Lillie Gray, Plaintiff-Appellee, v. LONNIE JACKSON, Defendant-Appellant.

First District (2nd Division)    No. 1—97—1969

Opinion filed March 3, 1998.

Ben Goldwater, of Chicago, for appellant.

George J. Van Emden, of Chicago, for appellee.

JUSTICE TULLY delivered the opinion of the court:

Plaintiff, American Ambassador Casualty Company, as subrogee of Lillie Gray (Gray), brought this action in the circuit court of Cook County against defendant, Lonnie Jackson, for breach of a bailment contract. Defendant, a used automobile dealer, owned and operated A and Z Auto Sales (A and Z) in Chicago, Illinois. The trial court entered an *ex parte* default judgment against defendant, who was acting *pro se*, for failing to appear in court on the final scheduled trial date. Defendant filed a petition to vacate the default judgment pursuant to section 2—1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1401 (West 1994)), which the trial court struck when defendant failed to appear in court on the scheduled hearing date. Defendant refiled the section 2—1401 petition to vacate the default judgment, which the trial court denied when defendant's wife appeared in court on the scheduled hearing date and explained that defendant was out of town. It is from this judgment that defendant now appeals to this court pursuant to Supreme Court Rule 304(b)(3) (155 Ill. 2d R. 304(b)(3)).

For the reasons that follow, we affirm.

## FACTUAL BACKGROUND

Plaintiff insured Gray's car. On June 7, 1993, Gray brought the car to defendant at A and Z on consignment for sale at an automobile auction. Defendant planned to deliver the car to Auction Way Sales (Auction Way), an auctioneer, in Alsip, Illinois. Auction Way never received or sold the car. On June 9, 1993, the federal Drug Enforcement Agency (DEA) seized the car from defendant pursuant to a valid seizure order. Gray demanded her car from Auction Way and defendant on June 21, 1993. Because neither one had the car or the proceeds from its sale, both refused to pay the value of the car to Gray. The DEA mailed a notice-of-seizure letter to Gray on July 2, 1993, which was returned to the DEA unclaimed. A DEA notice-of-seizure letter dated July 29, 1993, and addressed to A and Z, stated that Gray's car was seized in Alsip, Illinois, from Lonnie Jackson. Gray reported her car as stolen to plaintiff, which settled Gray's claim for $10,300 on August 16, 1993.

Plaintiff filed a complaint against defendant for breach of a bailment contract and served defendant with summons on July 15, 1994, with a return date of August 8, 1994. Defendant did not appear in court on August 8, 1994. The trial court then continued the matter to August 22, 1994, when the trial court entered a default judgment against defendant and set the case for prove up on December 12, 1994. On September 7, 1994, defendant filed his *pro se* appearance

and his petition to vacate the default judgment, which was to be heard in courtroom 1108. The trial court granted defendant's petition, in which defendant stated that he had mistakenly believed that the return date was September 8, rather than August 8. The trial court then set a hearing date for November 16, 1994. Defendant did not appear in court on November 16, 1994, and the trial court again set the case for prove up on December 12, 1994. The trial court vacated the default judgment on December 12, 1994, and granted defendant leave to file an answer. Defendant filed his *pro se* answer and countercomplaint that day. Defendant's countercomplaint claimed damages from plaintiff's allegedly frivolous complaint.

On February 21, 1995, the trial court set a final trial date for May 2, 1995. Plaintiff, on April 24, 1995, filed a motion for leave to amend the complaint and to continue the trial date, which the trial court granted. On July 19, 1995, plaintiff filed an amended complaint, which joined Auction Way as an additional defendant. Auction Way filed a motion to dismiss plaintiff's amended complaint pursuant to section 2—619 of the Code (735 ILCS 5/2—619 (West 1994)) on April 3, 1996, alleging that it never possessed Gray's car and that the DEA's seizure was not Auction Way's fault. The trial court granted the motion to dismiss with prejudice.

The trial court later set a trial date for August 7, 1996. On that day, defendant was not present in court, and the trial court entered an *ex parte* judgment against him. On September 4, 1996, plaintiff filed a citation to discover assets being held by the Community Bank of Lawndale which belonged to defendant. On September 9, 1996, defendant filed a notice of his petition for relief from *ex parte* judgment, to be heard in courtroom 1108. The petition asserted, as a meritorious defense, that Gray's car had been seized by the DEA. On October 1, 1996, the trial court granted defendant's petition to vacate the judgment of August 7, 1996, and set the case for trial on January 22, 1997, in courtroom 1108.

On January 22, 1997, the trial court entered a default judgment against defendant for failing to appear in court. The trial court's order reflected that plaintiff had been "ready for trial." On February 21, 1997, pursuant to section 2—1301(e) of the Code (735 ILCS 5/2—1301(e) (West 1994)), defendant filed a motion to vacate the *ex parte* judgment, to be heard in courtroom 1108 on February 28, 1997. Defendant stated in the motion that he did not appear in courtroom 1108 on January 22, 1997, because he was present in the hallway outside the courtroom when his case was called. The trial court struck the motion on February 28, 1997, because defendant failed to appear in court. On March 6, 1997, defendant filed a petition for relief from

judgment, to be heard in courtroom 1108 on March 31, 1997. In the petition, defendant stated that on February 28, 1997, he mistakenly appeared in courtroom 1110, rather than in courtroom 1108. Defendant's wife appeared in court on March 31, 1997, and explained that defendant was out of town due to a family emergency. The trial court then denied defendant's motion. On April 28, 1997, defendant, who was represented by counsel for the first time in this matter, filed a petition to vacate the trial court's March 31, 1997, order. The motion alleged that a family emergency prevented defendant from appearing in court on March 31, 1997, and that Gray's car had been seized by the DEA. The trial court denied the petition to vacate on May 6, 1997. Defendant now appeals.

## ISSUES PRESENTED FOR REVIEW

On appeal, defendant argues that the trial court abused its discretion in denying his section 2—1401 petition to vacate the judgment against him because he exercised due diligence in defending the underlying judgment and in seeking relief from the January 22, 1997, judgment. Defendant also contends that he sufficiently pleaded a meritorious defense to the underlying action against him.

## OPINION

■ When reviewing a trial court's disposition on a petition for section 2—1401 relief, we apply an abuse of discretion standard. *Klein v. La Salle National Bank*, 155 Ill. 2d 201, 613 N.E.2d 737 (1993). Final judgments, decrees and orders may be vacated 30 days after their entry under section 2—1401 of the Code. 735 ILCS 5/2—1401 (West 1994). To obtain relief under that section, the petitioner must show by a preponderance of the evidence: (1) due diligence in defending the original action in the trial court; (2) due diligence in presenting the petition; and (3) a meritorious defense in the original action. *Enclosures, Inc. v. American Pay Telephone Corp.*, 287 Ill. App. 3d 900, 902, 679 N.E.2d 432, 433 (1997), citing *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 499 N.E.2d 1381 (1986). "The trend in Illinois is to relax the due diligence standard where necessary to prevent the unjust entry of default judgments and to effect substantial justice." *Enclosures*, 287 Ill. App. 3d at 902, 679 N.E.2d at 433. However, extraordinary circumstances existed in such cases relaxing the due diligence standard. *Enclosures*, 287 Ill. App. 3d at 902, 679 N.E.2d at 433; see *Kalan v. Palast*, 220 Ill. App. 3d 805, 809-12, 581 N.E.2d 175, 178-80 (1991) (standard relaxed where, because of attorney's alcoholism, he failed to comply with discovery requests and to appear at a motion to dismiss hearing).

■ A section 2—1401 petitioner must have a reasonable excuse

for failing to exercise due diligence in acting within the appropriate time. *Smith*, 114 Ill. 2d at 222, 499 N.E.2d at 1387. The petitioner must show " 'that through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court.' " *Smith*, 114 Ill. 2d at 222, 499 N.E.2d at 1387, quoting *Brockmeyer v. Duncan*, 18 Ill. 2d 502, 505, 165 N.E.2d 294, 296 (1960). It is every litigant's duty to follow the progress of his or her case. *Sakun v. Taffer*, 268 Ill. App. 3d 343, 643 N.E.2d 1271 (1994). The petitioner must show that the failure to defend the action resulted from an excusable mistake and that the petitioner acted reasonably, not negligently, under the circumstances. *Smith*, 114 Ill. 2d at 222, 499 N.E.2d at 1387. In determining the reasonableness of the petitioner's excuse, we consider all of the circumstances surrounding the entry of the judgment being reviewed, including the litigants' conduct. *Smith*, 114 Ill. 2d at 222, 499 N.E.2d at 1387; see *Bielecki v. Painting Plus, Inc.*, 264 Ill. App. 3d 344, 354, 637 N.E.2d 1054, 1060 (1994) (a party has the right to appear *pro se*, but must comply with the established rules of procedure).

■ "A bailment is the delivery of property for some purpose upon a contract, express or implied, that after the purpose has been fulfilled, the property shall be redelivered to the bailor, or otherwise dealt with according to his directions, or kept until he reclaims it." *American Ambassador Casualty Co. v. City of Chicago*, 205 Ill. App. 3d 879, 881, 563 N.E.2d 882, 884 (1990). In order to recover under a bailment theory, the plaintiff must allege: (1) an express or implied agreement to create a bailment; (2) delivery of the property in good condition; (3) the bailee's acceptance of the property; and (4) the bailee's failure to return the property or the bailee's redelivery of the property in a damaged condition. *American Ambassador Casualty*, 205 Ill. App. 3d at 881, 563 N.E.2d at 884.

■ When a *prima facie* case of bailment is established, there is a presumption of the defendant's negligence. *Magee v. Walbro, Inc.*, 171 Ill. App. 3d 774, 778, 525 N.E.2d 975, 977 (1988). The defendant must then present sufficient evidence to support a finding that the presumed fact did not exist and that the defendant was free from fault. *Magee*, 171 Ill. App. 3d at 778, 525 N.E.2d at 977; *James Coates Motors, Inc. v. Avis Rent-A-Car System, Inc.*, 19 Ill. App. 3d 919, 922, 312 N.E.2d 291, 293 (1974). Several older Illinois cases are instructive regarding the defendant's burden to present such evidence. In *James Coates Motors*, the plaintiff alleged that it left its automobile with the defendant as a bailee and that the defendant failed to return the car. The appellate court held that the defendant's only evidence of its lack of fault for not returning the vehicle was that it had stored

the automobile "in a fenced and guarded lot." *James Coates Motors,* 19 Ill. App. 3d at 922, 312 N.E.2d at 293. According to the appellate court, that evidence by itself was insufficient to raise an issue of the defendant's negligence. Therefore, the defendant failed to overcome the presumption that the failure to deliver the car was its fault. *James Coates Motors,* 19 Ill. App. 3d at 922, 312 N.E.2d at 293. In *Cook Electric Co. v. Kolodny,* 1 Ill. App. 3d 181, 273 N.E.2d 674 (1971), the plaintiff brought an action for damages against the defendant-bailee after the plaintiff's roll of cloth was destroyed by fire while in the defendant's custody. Although there was a question at trial whether the cloth was destroyed by fire, the appellate court found that the defendant presented no evidence of the fire's cause or evidence of its freedom from negligence. *Cook Electric,* 1 Ill. App. 3d at 184, 273 N.E.2d at 676; see *Allis-Chalmers Corp. v. Pekin Foundry & Manufacturing Co.,* 31 Ill. App. 3d 1005, 1008, 335 N.E.2d 97, 100 (1975) (if property is stolen or burned up while in the bailee's possession, the bailee must show the robbery or fire was not due to his carelessness), quoting *Oscar Heyman & Brothers, Inc. v. Marshall Field & Co.,* 301 Ill. App. 340, 22 N.E.2d 776 (1939).

■ In the present case, defendant first argues that he exercised due diligence in defending the underlying action. Our review of the record reveals that the trial court did not abuse its discretion in denying defendant's section 2—1401 petition. Defendant failed to show by a preponderance of the evidence that he exercised due diligence in defending the underlying breach of bailment contract action. After defendant received service of process in this case, he failed to appear in court on the scheduled day—August 8, 1994. The trial court continued the matter to August 22, 1994, when it entered a default judgment against defendant. Defendant did not file his *pro se* appearance until September 7, 1994. In his petition to vacate the default judgment, which the trial court granted, defendant explained that he had mistakenly believed the return date was one month later than it actually was. After plaintiff filed its amended complaint joining Auction Way as a defendant and the trial court granted Auction Way's motion to dismiss, the trial court set August 7, 1996, as a trial date. Again, defendant failed to appear in court that day, and the trial court entered judgment against him *ex parte.* After plaintiff filed the citation to discover assets of the Community Bank of Lawndale, defendant then filed his petition to vacate the *ex parte* judgment. The trial court granted the petition and set the case for trial on January 22, 1997. On that day, plaintiff appeared in court "ready for trial," but defendant failed to appear. The trial court then entered a default judgment against him. Defendant has failed to show that his failure

to defend the underlying action resulted from excusable mistakes or that he acted reasonably. Defendant's actions were anything but reasonable. Defendant has shown only that he had a pattern of failing to appear in court on scheduled dates. Considering all of the circumstances surrounding the entry of the default judgment, defendant's conduct did not reflect due diligence, or any diligence, in defending the underlying action.

■ Defendant next argues that he exercised due diligence in presenting his section 2—1401 petition to vacate the January 22, 1997, default judgment. We disagree. Again, defendant failed to appear in court for hearings of the petition on February 28, 1997, and on March 31, 1997. Defendant submits that: (1) he failed to appear in court on February 28 because he went to the wrong courtroom; and (2) he did not appear in court on March 31 because he was out of town on a family emergency. Defendant's explanations are incredible and do not constitute excusable mistakes for failing to exercise due diligence. Defendant did not explain why he went to courtroom 1110 on February 28, in light of the fact that every prior hearing in the matter had been scheduled in courtroom 1108. Also, defendant never stated where he was on March 31 and did not inform the trial court what the family emergency was. The trial court did not abuse its discretion in denying defendant's section 2—1401 petition because defendant failed to show that he presented his section 2—1401 petition with due diligence. In addition, no extraordinary circumstances existed in this case which required the trial court to relax the due diligence standard in the interests of preventing an unjust default judgment or effecting substantial justice. Although defendant was a *pro se* party, he was required to follow the progress of his case and to comply with the established rules of procedure.

■ Defendant's final argument is that he had a meritorious defense to the underlying action. Similar to the bailees in *James Coates Motors*, *Cook Electric*, and *Allis-Chalmers*, defendant has failed to show by a preponderance of the evidence that he had a meritorious defense to the original breach of bailment contract action. Plaintiff established a *prima facie* case of bailment, where Gray brought her car to defendant in good condition to be sold on consignment at auction, defendant accepted the car, and then failed to return the car to Gray. Given the resulting presumption of defendant's negligence, defendant has failed to show that the DEA's seizure of the car was not his fault. The record shows that the DEA seized the car from defendant—not from Gray or Auction Way. Defendant had asserted as a meritorious defense only that the DEA seized the car. He never argued, for example, that the impetus of the seizure was not due to any illegal activity on his part.

Defendant contends that because Auction Way was dismissed from the present action because of the DEA seizure of the car, he has a meritorious defense. However, defendant ignores the fact that Auction Way was never in possession of Gray's car. Defendant's argument fails.

In sum, defendant has completely failed to meet his burden of showing by a preponderance of the evidence that: (1) he exercised due diligence in defending the original action in the trial court; (2) he exercised due diligence in presenting the petition; and (3) he had a meritorious defense in the original action. Instead, our review of the record reveals only that defendant consistently attempted to stall the proceedings in this case. The trial court did not abuse its discretion in denying defendant's section 2—1401 petition to vacate the January 22, 1997, default judgment against him.

In light of the foregoing, we affirm the judgment of the trial court.

Affirmed.

McNULTY, P.J., and COUSINS, J., concur.