17 November 1999

No. 2--99--0075

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

NCD, INC., ) Appeal from the Circuit Court

) of Lake County.

Plaintiff-Appellant, )

)

v. ) No. 96--AR--2257

)

ALEX KEMEL and CAROLYN KEMEL, ) Honorable

) Bernard E. Drew,

Defendants-Appellees. ) Judge, Presiding.

________________________________________________________________

JUSTICE THOMAS delivered the opinion of the court:

Plaintiff, NCD, Inc., appeals the trial court's order granting the petition of defendants, Alex and Carolyn Kemel, to vacate a default judgment under section 2--1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2--1401 (West 1998)).  Plaintiff argues that defendants improperly filed a successive petition under section 2--1401 and that the trial court erred in granting the petition.  We affirm.

Plaintiff sued defendants for breach of contract, and defendants' answer was due on December 9, 1996.  On that date, the trial court entered a default judgment for plaintiff when it appeared that defendants did not timely answer the allegations.  On January 24, 1997, defendants moved to vacate the judgment under section 2--1301 of the Code (735 ILCS 5/2--1301 (West 1996)), arguing that the clerk of the circuit court failed to include their timely filed answer in the court file.  The trial court granted the motion, deciding that the clerical error rendered the default judgment "void."

On appeal, this court reversed after concluding that the judgment was "voidable" and that defendants did not properly notify plaintiff of their motion to vacate judgment.  However, this court also held that defendants could properly file a petition under section 2--1401 of the Code up to two years after the entry of the December 9, 1996, judgment.  
NCD, Inc. v. Kemel
, No. 2--97--0260, slip op. at 5 (1998) (unpublished order under Supreme Court Rule 23).

Defendants filed a petition under section 2--1401 on May 6, 1998.  However, this court did not issue its mandate revesting the trial court with jurisdiction until June 5, 1998.  On September 16, 1998, the trial court allowed defendants to "withdraw their petition to vacate judgment, without prejudice."  On September 28, 1998, defendants filed a second petition under section 2--1401.  The trial court granted the petition, and plaintiff appeals.

Plaintiff initially argues that defendants improperly filed successive petitions under section 2--1401 of the Code.  Generally, a party may not file successive petitions because they frustrate the policy of bringing finality to court proceedings.  
Village of Glenview v. Buschelman
, 296 Ill. App. 3d 35, 39 (1998).  Nevertheless, a party may file an amended or supplemental petition  under section 2--1401 when the trial court grants leave to amend the original petition.  
Buschelman
, 296 Ill. App. 3d at 40.

A trial court has jurisdiction over a successive petition if the petition is (1) authorized by an order that grants the petitioner leave to amend the earlier petition, (2) submitted to cure defects in the earlier petition or to allege grounds that have not and could not have been previously adjudicated, and (3) filed within 30 days after the court grants leave to amend.  
Buschelman
, 296 Ill. App. 3d at 40.  In this case, we construe the trial court's order dismissing defendants' section 2--1401 petition "without prejudice" to mean that the trial court granted defendants leave to refile the petition.  See 
Romo v. Allin Express Service, Inc.
, 219 Ill. App. 3d 418, 419 (1991).

Defendants withdrew their first petition to cure a  jurisdictional defect.  They filed the petition on May 6, 1998, before this court issued its June 5, 1998, mandate.  A trial court may not rule on a petition that is filed before the appellate court issues its mandate revesting the trial court with jurisdiction.  See 
Coldwell Banker Havens, Inc. v. Renfro
, 288 Ill. App. 3d 442, 446 (1997).  Defendants filed their second petition within 30 days after the trial court dismissed the first petition, and the second petition did not include any new claims.  Therefore, we conclude that defendants properly filed their second petition under section 2--1401.

Plaintiff alternatively argues that the trial court erred when it granted defendants' second petition.  A trial court may vacate a final judgment more than 30 days after its entry.  735 ILCS 5/2--

1401 (West 1998).  A reviewing court should not reverse the decision to grant a petition under section 2--1401 unless the trial court abused its discretion.  
Miller v. Balfour
, 303 Ill. App. 3d 209, 215 (1999).

A petitioner must show (1) due diligence in defending the original action in the trial court, (2) due diligence in presenting the petition, and (3) a meritorious defense in the original action.  
American Ambassador Casualty Co. v. Jackson
, 295 Ill. App. 3d 485, 489 (1998).  The petitioner must also establish that through no fault of his own an error of fact or the existence of a valid defense was not presented to the trial court.  
American Ambassador Casualty Co.
, 295 Ill. App. 3d at 490.

In this appeal, plaintiff does not deny that defendants' answer established a meritorious defense or that the court entered a default judgment because it mistakenly believed that defendants failed to file an answer.  Instead, plaintiff argues that defendants failed to (1) pursue their defense with due diligence, (2) file their petition with due diligence, or (3) file an affidavit in support of their second petition.

The record reveals that defendants timely filed their answer.  However, the circuit court clerk did not promptly file-stamp the pleading and include it in the court file.  For this reason, the trial court entered the default judgment.  Plaintiff contends that a petitioner has a duty to ensure that the clerk of the circuit court file-stamps a pleading and places it in the court file.  We disagree.  Courts tend to relax the due diligence standard to prevent the unjust entry of default judgments and to effect substantial justice.  
American Ambassador Casualty Co.
, 295 Ill. App. 3d at 489.

The clerical errors of the clerk of the circuit court should not deprive defendants of their right to have the case decided on the merits.  See 
City National Bank & Trust Co. v. Property Tax Appeal Board
, 97 Ill. 2d 378, 380 (1983); 
Azim v. Department of Central Management Services
, 164 Ill. App. 3d 298, 303 (1987) (errors of circuit court clerk over whom a party has no control do not deprive the party of his right to appeal).  Also, defendants established that the clerical error occurred through no fault of their own.  Therefore, defendants diligently pursued their original defense when they filed their answer on the day it was due.  See 
American Ambassador Casualty Co.
, 295 Ill. App. 3d at 490.

Plaintiff next argues that defendants failed to pursue their first petition with due diligence.  However, the trial court lacked jurisdiction over the petition, and defendants promptly filed the second petition eight days after the court dismissed the first petition "without prejudice."  We conclude that defendants diligently pursued their claims under section 2--1401.

Plaintiff also contends that defendants' second postjudgment petition was not "supported by affidavit or other appropriate showing as to matters not of record."  735 ILCS 5/2--1401(b) (West 1998).  In this case, defense counsel included an affidavit with the first petition but not with the second.  Nevertheless, defendants correctly argue that an affidavit is unnecessary.  The record includes defendants' answer, which shows it was file-stamped on the date it was due, and the record otherwise supports the granting of the second petition.  We conclude that the trial court did not abuse its discretion when it granted defendants' second petition to vacate the default judgment.  See 
Miller
, 303 Ill. App. 3d at 215.

Finally, plaintiff argues that it was improperly denied an evidentiary hearing.  However, the issue is waived because plaintiff raises it for the first time in its reply brief.  See 177 Ill. 2d R. 341(e)(7).

For these reasons, the order of the circuit court of Lake County granting defendants' petition to vacate the default judgment is affirmed.

Affirmed.

INGLIS and HUTCHINSON, JJ., concur.