NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240588-U

NO. 4-24-0588

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 17, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| COLEY CARWELL, | ) | No. 16CF3032 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Robert Randall Wilt, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Steigmann and Cavanagh concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court affirmed, concluding the trial court did not err when it granted the State's motion to sentence defendant as an adult because jurisdiction had revested with the court.

¶ 2     Defendant, Coley Carwell, was resentenced to 20 years' imprisonment for first degree murder and 8 years' imprisonment for aggravated battery. Defendant appeals, arguing the trial court erred in denying his motion to discharge sentence and granting the State's motion to sentence him as an adult. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     The appellate court has set forth the underlying facts of this case in defendant's prior appeal. See *People v. Carwell*, 2022 IL App (2d) 200495. Accordingly, we will recite only those facts necessary to resolve the issues presented in this appeal.

¶ 5     In November 2016, defendant was charged by indictment with 20 counts of first

degree murder (720 ILCS 5/9-1(a)(1), (2), (3) (West 2016)), 1 count of attempted murder (720 ILCS 5/8-4, 720 ILCS 5/9-1(a)(1) (West 2016)), and 1 count of aggravated battery (720 ILCS 5/12-3.05(e)(1) (West 2016)). The charges stemmed from an incident on November 11, 2016, in which defendant shot and killed Jemario Jamario Crawford, and wounded another victim, L.B. Defendant was 15 years old at the time of the offense. Before defendant was indicted, the trial court did not hold a transfer hearing pursuant to section 5-805 of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/5-805) (West 2016)). Defendant subsequently pleaded guilty to count IV (first degree murder) (720 ILCS 5/9-1(a)(1) (West 2016)) and count XXII (aggravated battery) (720 ILCS 5/12-3.05(e)(1) (West 2016)) and was sentenced to 25 years' imprisonment on count IV and 6 years' imprisonment on count XXII, to be served consecutively.

¶ 6        On appeal, defendant argued his counsel was ineffective for failing to seek a transfer to juvenile court for sentencing. The Appellate Court, Second District, agreed with defendant, vacated his sentence, and remanded

> "with directions to give the State 10 days to file—if it so chooses—a petition requesting a hearing based on section 5-130(1)(c)(ii) of the [Juvenile Court Act] to decide whether defendant should be sentenced as a juvenile under the [Juvenile Court Act] or as an adult under the [Unified Code of Corrections (730 ILCS 5/1–1–1 *et seq*. (West 2016))]." *Carwell*, 2022 IL App (2d) 200495, ¶ 47.

The appellate court's mandate was issued on March 1, 2023. Prior to the issuance of the mandate, the State filed a petition for leave to appeal, which was denied by the supreme court on January 25, 2023. *People v. Carwell*, 128883 (Jan. 25, 2023). On February 7, 2023, the State filed a motion entitled "People's Motion to Sentence the Defendant as an Adult Pursuant to 705 ILCS 405/5-130."

¶ 7          On March 9, 2023, the trial court held a status hearing and, at defendant's request, agreed to reset the matter for another status hearing on March 28, 2023.

¶ 8          On March 28, 2023, defendant filed a motion to discharge his sentence. In his motion, defendant argued that, because the State filed its motion prior to the issuance of the appellate court's mandate, the trial court did not have jurisdiction to address the State's motion. Therefore, according to defendant, because the State did not "re-file its Petition within ten days of [the] issuance of the mandate," his sentence should be discharged.

¶ 9          The trial court conducted a hearing on defendant's motion to discharge. During the hearing, the court noted it had not "addressed anything filed by the State before the mandate came down." When asked whether he had any caselaw for the premise that the filing of a pleading by the State prior to the issuance of the mandate rendered the filing a nullity, defense counsel responded, "Judge, again, I can supply the Court with that case law, but I believe it all would be by analogy to the fact of *** the Court having jurisdiction." The court continued the hearing and eventually addressed the matter on September 1, 2023. At the outset, the court observed it did not "exercise jurisdiction until after the mandate came down." In denying defendant's motion, the court found, "[T]he motion filed by the State was and still remains an appropriate motion."

¶ 10         On February 2, 2024, the trial court held a hearing on the State's motion to sentence defendant as an adult. The court subsequently granted the State's motion and set the matter for sentencing. On March 15, 2024, defendant was sentenced, pursuant to an agreement between the parties, to 20 years' imprisonment for first degree murder (count IV), and 8 years' imprisonment for aggravated battery (count XXII), with an understanding defendant remained free to appeal the transfer issue.

¶ 11    This appeal followed.

¶ 12                            II. ANALYSIS

¶ 13    On appeal, defendant argues the trial court's order granting the State's motion to sentence him as an adult was void for lack of subject matter jurisdiction because the State filed its motion prior to the issuance of the appellate court's mandate. The State contends the trial court had jurisdiction because it entered its order after the appellate court's mandate issued.

¶ 14    The timely filing of a notice of appeal transfers jurisdiction from the trial court to the appellate court. *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 173 (2011). After the filing of a notice of appeal and prior to the filing of the appellate court's mandate, the trial court lacks jurisdiction to enter any order of substance in the cause. *Brownlow v. Richards*, 328 Ill. App. 3d 833, 836-37 (2002). In those cases where the appellate court issues a decision remanding the matter for further proceedings, "the trial court does not regain jurisdiction until it files the [appellate] court's mandate." *People v. Evans*, 2015 IL App (3d) 140753, ¶ 13. An order entered by the trial court in the absence of jurisdiction is void. *People v. Davis*, 156 Ill. 2d 149, 155 (1993). Whether a trial court possessed jurisdiction is a purely legal question we review *de novo*. *People v. Hughes*, 2012 IL 112817, ¶ 19.

¶ 15    Defendant cites *NCD, Inc. v. Kemel*, 308 Ill. App. 3d 814, 817 (1999), and *Coldwell Banker Havens, Inc. v. Renfro*, 288 Ill. App. 3d 442 (1997), in support of his argument the trial court lacked jurisdiction to rule on the State's petition. However, neither case lends support to defendant's argument. In *Coldwell Banker*, the appellate court found there was no error in addressing a motion for attorney fees filed after the mandate had issued reversing the trial court's original decision. *Coldwell Banker*, 288 Ill. App. 3d at 447. Coldwell Banker sought to characterize the addressing of a subsequently filed petition for fees as an extra-jurisdictional

"expanding upon the mandate issued" by the appellate court. *Coldwell Banker*, 288 Ill. App. 3d at 446. On appeal again, the court found the mandate reversing the decision revested authority in the trial court, and the motion for fees was filed and addressed thereafter, when jurisdiction had returned to the trial court. The nature of the mandate was irrelevant. *Coldwell Banker*, 288 Ill. App. 3d at 447.

¶ 16    In *NCD*, the appellate court addressed the propriety of filing a successive section 2-1401 petition (see 735 ILCS 5/2-1401 (West 1998)), noting the general rule against successive section 2-1401 petitions, as "they frustrate the policy of bringing finality to court proceedings." *NCD*, 308 Ill. App. 3d at 816. In doing so, the court, referencing *Coldwell Banker*, stated, "A trial court may not *rule* on a petition that is filed before the appellate court issues its mandate revesting the trial court with jurisdiction." (Emphasis added.) *NCD*, 308 Ill. App. 3d at 817. Notably, the trial court in *NCD* did not address the defendants' initial section 2-1401 petition until three months after the appellate mandate issued, revesting the trial court with jurisdiction. *NCD*, 308 Ill. App. 3d at 816. Ultimately, the court determined the defendants properly filed their successive section 2-1401 petition. *NCD*, 308 Ill. App. 3d at 818.

¶ 17    Here, the supreme court denied the State's petition for leave to appeal on January 25, 2023. The State, in anticipation of the issuance of the mandate, filed a motion to sentence defendant as an adult on February 7, 2023. The filing of the motion involved no court action. The mandate issued 22 days later. No court action was taken until the hearing on the return of the mandate on March 9, 2023. Notably, the trial court did not even acknowledge the State's motion until the status hearing on March 9, 2023, well after jurisdiction had revested with the trial court. As was pointed out by the State, defendant has conflated the filing of a motion—a clerical act at most—with the entry of an order—a clear judicial function premised on jurisdiction. Indeed,

- 5 -

defendant does not cite, nor has our research yielded, any caselaw for the premise that the mere *filing* of a motion by a party prior to the issuance of an appellate court mandate renders a judgment void or voidable that was entered *after* jurisdiction was revested with the trial court.

¶ 18                                      III. CONCLUSION

¶ 19         For the reasons stated, we affirm the trial court's judgment.

¶ 20         Affirmed.