ENCLOSURES, INC., Plaintiff-Appellant, v. AMERICAN PAY TELEPHONE CORPORATION, Defendant-Appellee (Donald Winton, Defendant).

First District (2nd Division)    No. 1—96—2110

Opinion filed April 15, 1997.—Rehearing denied May 15, 1997.

Braun & Rivkin, Ltd., of Chicago (Lee M. Weisz, of counsel), for appellant.

Potratz & Hollander, P.C., of Chicago (Gary P. Hollander, of counsel), for appellee.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiff, Enclosures, Inc., appeals from the trial court order vacating the judgment plaintiff had obtained in its breach of contract action against defendant American Pay Telephone Corporation (APT). We reverse and remand.

Plaintiff filed this breach of contract action on March 16, 1995, against defendant APT and APT's president, Donald Winton. A registered agent of APT was served with process. Winton was never served and he is not a party to this appeal. APT failed to file an appearance, and on April 27, 1995, a default judgment was entered against APT. On June 29, 1995, plaintiff failed to appear for a prove up on damages, and the case was dismissed for want of prosecution. On July 28, 1995, plaintiff moved to vacate the dismissal order. On September 9, 1995, plaintiff sent APT notice that a hearing on the motion to vacate the dismissal order would be held on September 26, 1995. APT did not appear at the September 26 hearing, and the trial court vacated the dismissal for want of prosecution and set the matter for prove up on December 12, 1995. APT did not appear at the December 12 prove up. The trial court entered a default judgment against defendant in the amount of $29,629, plus costs.

On January 30, 1996, APT filed a petition to vacate the December 12, 1995, judgment under section 2—1401 of the Code of Civil Procedure. 735 ILCS 5/2—1401 (West 1994). The petition and attached affidavit of Donald Winton stated APT's defense to the breach of contract action and that APT exercised diligence before and after the default judgment. Winton's affidavit stated that, in the summer of 1995, a former employee of APT checked on the status of the case and reported to APT that the case had been dismissed for want of prosecution. Winton claims that APT did not learn that the dismissal order had been vacated or that a default judgment had been entered until January 23, 1996, when APT's attorney checked the court file. One week after learning this, APT filed this petition to vacate the judgment.

At the hearing on APT's motion to vacate, APT's attorney informed the court that he had represented APT since the corporation was formed, but that for a period of about a year, during the occurrence of the events at issue, he stopped representing the corporation. The attorney stated that he believed that APT did not have an attorney and was at a "loss for what to do." The attorney also stated that APT had a regulatory attorney on staff, and it was that attorney who discovered that the case had been reinstated and a default judgment had been entered.

At the conclusion of the hearing, the trial court granted APT's

motion to vacate, finding that defendant had not exercised due diligence, but that it was "invoking its powers to allow for vacating this judgment." Plaintiff claims on appeal that the circuit court abused its discretion in granting APT's petition to vacate despite the court's express finding that APT had not exercised due diligence.

■ Section 2—1401 of the Code of Civil Procedure provides a mechanism whereby final judgments, decrees, and orders may be vacated 30 days after their entry. In order to get relief under section 2—1401, the petitioner must show by a preponderance of the evidence: (1) a meritorious defense or claim in the original action; (2) due diligence in pursuing the defense or claim in the trial court; and (3) due diligence in presenting the section 2—1401 petition. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 499 N.E.2d 1381 (1986). The section 2—1401 petitioner has the burden of establishing these elements by a preponderance of the evidence. *Klein v. La Salle National Bank*, 155 Ill. 2d 201, 613 N.E.2d 737 (1993). Whether a section 2—1401 petition should be granted lies within the sound discretion of the trial court, and a reviewing court will only disturb a circuit court's order granting such relief if it finds that the trial court abused its discretion. *Smith*, 114 Ill. 2d at 221.

■ The sole issue here is whether the trial court abused its discretion when it granted APT's petition to vacate despite its express finding that defendant had not exercised due diligence. The trend in Illinois is to relax the due diligence standard where necessary to prevent the unjust entry of default judgments and to effect substantial justice. *Pirman v. A&M Cartage, Inc.*, 285 Ill. App. 3d 993, 674 N.E.2d 874 (1996). However, in those cases where the due diligence requirement has been relaxed, extraordinary circumstances existed that justified the relaxed standard. In *Cohen v. Wood Brothers Steel Stamping Co.*, 227 Ill. App. 3d 354, 592 N.E.2d 59 (1991), for example, the trial court dismissed plaintiff's case after plaintiff failed to comply with discovery requests or appear at a hearing to prove up his damages. The trial court denied plaintiff's petition for relief under section 2—1401, finding that plaintiff lacked diligence in pursuing his claim. The appellate court reversed, finding that this was an appropriate case in which to relax the due diligence requirement since this was "not a case of ordinary negligence, but an extraordinary situation where a young attorney abruptly and inexplicably abandoned both his client and his law firm without attending court and without adequately documenting the files for which he retained responsibility." *Cohen*, 227 Ill. App. 3d at 360. The court found it unjust to force the plaintiff to suffer the consequences of such aberrant and unanticipated conduct. See *Kalan v. Palast*, 220 Ill. App. 3d 805, 581

N.E.2d 175 (1991) (due diligence requirement relaxed where, due to attorney's alcoholism, he failed to comply with discovery requests or appear at a hearing on a motion to dismiss); *Robinson v. Commonwealth Edison Co.*, 238 Ill. App. 3d 436, 606 N.E.2d 615 (1992) (trial court did not abuse its discretion when it excused due diligence requirement because attorney's failure to appear at a hearing was due to his hearing problem as well as a fire in his office); *Yates v. Barnaby's of Northbrook*, 218 Ill. App. 3d 128, 578 N.E.2d 174 (1991) (justice and fairness required that the judgment be vacated, even though the due diligence standard had not been met, due largely to the lack of cooperation between plaintiff's original and substitute counsel).

APT claims that the recently decided *Pirman v. A&M Cartage, Inc.*, 285 Ill. App. 3d 993, 674 N.E.2d 874 (1996), stands for the proposition that a section 2—1401 petition can be granted despite the fact that no due diligence was exercised. The trial court in *Pirman* found that, although "due diligence was never exercised," the equitable powers of the court could nonetheless be invoked to prevent the enforcement of a default judgement. 285 Ill. App. 3d at 999-1000. The trial court failed to specify any equitable considerations that justified disregarding the due diligence requirement. The appellate court, however, while affirming the trial court's decision to grant the section 2—1401 petition, found that defendant's actions were sufficiently diligent so as to satisfy the requirements of section 2—1401.

■ In the instant case, the trial court specifically found that APT had not exercised due diligence, yet stated no equitable factors that would justify completely disregarding the due diligence requirement. Our careful review of the record reveals that APT failed to exercise any diligence and that there were no extraordinary circumstances that would justify relaxing the due diligence standard. APT exercised total disregard in presenting his defense to plaintiff's claim. APT never filed an answer or appearance, and despite being given notice, failed to appear at any of the hearings or prove ups. While APT may have been without its litigation attorney during these events, that does not justify APT's failure to present any defense, particularly in light of the fact that APT did have a corporate attorney in its employ at the time. Accordingly, we find no equitable considerations justifying the trial court's decision to excuse APT from satisfying the due diligence requirement. We therefore reverse the trial court order granting APT's section 2—1401 petition to vacate and remand this

cause to the trial court for the reinstatement of the judgment entered against APT on December 12, 1995.

Reversed and remanded.

DiVITO, P.J., and RAKOWSKI, J., concur.