ALL-STEEL EMPLOYEES CREDIT UNION, Plaintiff-Appellant, v. WINSTON SINGH, Defendant (TCF National Bank, Garnishee-Appellee).

Second District No. 2—02—1327

Opinion filed February 4, 2004.

Paul L. Greviskes, of Batavia, for appellant.

Howard E. Smith, Jr., of Smith, Landmeier, Skaar & Elders, P.C., of Geneva, for appellee.

JUSTICE HUTCHINSON delivered the opinion of the court:

Plaintiff, All-Steel Employees Credit Union, appeals from an order granting garnishee, TCF National Bank, relief pursuant to section 2—1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1401 (West 2002)) from a final judgment under section 12—706(b) of the Code (735 ILCS 5/12—706(b) (West 2002)). We reverse.

Plaintiff sued Winston Singh on a promissory note. Singh admitted liability, and on October 1, 2000, the trial court entered judgment for $15,019.77, which included prejudgment interest, fees, and costs.

On January 9, 2002, plaintiff served a summons for nonwage garnishment on garnishee, with which Singh had a checking account. The summons included interrogatories to be answered and returned to plaintiff and the trial court on or before February 20, 2002. On

February 20, 2002, the case file contained no such answers, and the trial court entered a conditional judgment against garnishee for $16,891.20. On February 25, 2002, plaintiff served garnishee with a summons to confirm the conditional judgment. Garnishee did not answer or appear, and the trial court confirmed the conditional judgment on March 27, 2002.

Plaintiff served garnishee with a citation to discover assets on May 16, 2002. The hearing was set for June 19, 2002. On June 4, 2002, garnishee filed a form answer stating that it had $345 of the property of the "judgment debtor." On June 19, 2002, a rule to show cause issued against garnishee for its failure to appear at the hearing.

On August 9, 2002, garnishee filed a "Motion to Vacate Judgment." It alleged that on February 27, 2002, it had faxed to plaintiff's counsel the answers to the interrogatories for nonwage garnishment. These answers stated that garnishee did not hold any property of Singh's nor was it indebted to him. It further alleged that plaintiff's counsel admitted receiving the answers. It finally alleged that the summons to confirm the conditional judgment was invalid in that it had a return date more than 28 days after the issuance of the summons and was thus not in compliance with section 12—705 of the Code (735 ILCS 5/12—705 (West 2002)).

Plaintiff responded, denying that counsel had received a copy of the answer before April 1, 2002, or that anyone associated with garnishee ever provided any indication that the answers had been filed or mailed. Counsel averred that he so advised garnishee in a letter of April 17, 2002.

Garnishee replied, alleging that as of January 9, 2002, and all times after, Singh's account with garnishee was overdrawn by $192.20. It further alleged that the supervisor of its legal processing department believed that advising plaintiff's counsel of this was a sufficient defense against the judgment, and the supervisor did not realize that she was mistaken until more than 30 days after the trial court had entered the judgment. Garnishee noted that the citation to discover assets was served more than 30 days after the trial court entered the judgment, and garnishee alleged that it was after the hearing on the citation that the supervisor realized that the defense was not sufficient.

The reply also contained an affidavit in which an employee of garnishee averred that she mailed the answers to the circuit clerk on February 27, 2002 (i.e., after the trial court entered the conditional judgment, and two days after garnishee was served with the summons to confirm the conditional judgment). No such answer can be found in the record.

On November 19, 2002, the trial court vacated the judgment against garnishee. Its order stated:

"[Garnishee] did not exercise due diligence at the trial court level and was negligent in failing to file Answer to the Citation, in failing to respond to the Summons to Confirm Conditional Judgment, and was not diligent in filing its Motion to Vacate. However, court finds that substantial justice requires that the judgment be vacated because the balance at defendant's account at TCF Bank was significantly less than the judgment plus interest against defendant Singh."

Plaintiff now timely appeals, contending that the trial court abused its discretion when it granted relief to garnishee despite finding that it had not acted diligently.

█ Initially, we dispose of plaintiff's motion to strike garnishee's surreply brief, which we took with this case. We grant the motion. Plaintiff contends that the brief simply restates garnishee's position in its response brief, and this is largely an accurate characterization. Moreover, when we granted garnishee's motion to file the surreply brief, we limited it to five pages. The document filed is five *single-spaced* pages. Supreme Court Rule 344(b) (155 Ill. 2d R. 344(b)) requires that briefs be double spaced. The brief is thus nearly twice the length of what we allowed.

█ Turning to the merits of the matter, we will reverse an order granting a petition under section 2—1401 only when we find that the trial court entering the order abused its discretion. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986). The granting of the petition must be sustained by a preponderance of the evidence. *Smith*, 114 Ill. 2d at 220-21.

The basic standards for the granting of a section 2—1401 petition are set out in *Smith*:

"To be entitled to relief under section 2—1401, the petitioner must affirmatively set forth specific factual allegations supporting *each* of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2—1401 petition for relief." (Emphasis added.) *Smith*, 114 Ill. 2d at 220-21.

█ Garnishee unquestionably failed to exercise diligence in presenting its defense, so we can affirm the order only if this case falls within the limited circumstances in which a court may relax the due diligence requirement because "justice and good conscience may require it." *Smith*, 114 Ill. 2d at 225. Such relaxation is justified only under extraordinary circumstances (*Gonzalez v. Profile Sanding Equipment, Inc.*, 333 Ill. App. 3d 680, 686 (2002)), which these are

not. Garnishee was served with two summonses and a citation to discover assets before it actually filed a document with the trial court. Taking the evidence in the light most favorable to garnishee, it prepared its answers to the interrogatories for nonwage garnishment after it received the summons to confirm the conditional judgment. It mailed them to the clerk and plaintiff's counsel, but failed to confirm promptly that either the clerk or plaintiff's counsel received them or that the untimely answers were legally sufficient. Garnishee does not explain its failures other than as its own employee's misunderstanding of the necessary procedure. Because of its inaction, the trial court entered a judgment against it in the amount authorized by the Code. We see nothing in this history that justifies special equitable relief to garnishee.

Garnishee cites numerous cases as supporting the trial court's judgment, all of which are factually distinguishable. We consider only those that best support garnishee's position. In *Zee Jay, Inc. v. Illinois Insurance Guaranty Fund*, 194 Ill. App. 3d 1098, 1100, 1104 (1990), the appellate court sustained the granting of a section 2—1401 petition that gave relief from a dismissal with prejudice entered as a sanction for discovery violations. The court found that the order vacated was contrary to the Illinois Supreme Court's standards for discovery sanctions. Further, the "with prejudice" language may have been added accidentally. *Zee Jay*, 194 Ill. App. 3d at 1103. The court thus deemed the original order to be unauthorized under existing law, whereas in this case the judgment was precisely that required by section 12—706.

In *Community 1st Credit Union v. Boswell*, 302 Ill. App. 3d 739 (1999), the appellate court *partially* relaxed the diligence requirement to provide relief to a garnishee that had not acted diligently, but that had nevertheless attempted to present a defense. The garnishee mailed to the trial court an untimely and legally insufficient response to a summons to confirm a conditional judgment; however, some evidence suggested that it *had* filed its answers to the garnishment interrogatories on time, but that the clerk had lost them. *Community 1st Credit Union*, 302 Ill. App. 3d at 743-44. It thus appeared that, but for the clerk's error, no judgment would have been entered against it in the first place. The court determined that garnishee's default was the result of an "excusable mistake." *Community 1st Credit Union*, 302 Ill. App. 3d at 744. The situation in *Community 1st Credit Union* is not comparable with this one, where garnishee made no attempt to file the answers or any other responsive document on time.

*Kunde v. Prentice*, 329 Ill. 82 (1928), predates the modern formulation in *Smith* of the diligence standard, but also is a case in which a

court gave a garnishee relief when she had made a significant, but insufficient, attempt to respond to the summonses. The garnishee was physically present in court on both relevant dates, but was confused by the trial court's procedure and did not succeed in making her presence known, so conditional and final judgments were entered against her. The court held that this, *in combination* with numerous errors, made it mandatory that the judgment against her be vacated to allow her to present her defense. The court judged that the most serious error was the absence of a service date on the return of the writ of *scire facias* (functioning as a summons to confirm the conditional judgment), as this would have deprived the trial court of jurisdiction to enter the final judgment had the garnishee not waived this defect by appearing later. *Kunde*, 329 Ill. at 88. We reject garnishee's contention that the defect in the original summons here (the return date was later than specified by the Code) presents a comparable circumstance. We need not consider whether this defect was of similar legal effect, as the presence of the defect in the return of the writ was only a supporting factor in the *Kunde* court's granting of relief. The garnishee's substantial effort to present her defense was the primary basis; garnishee made no such effort here.

This case resembles *Enclosures, Inc. v. American Pay Telephone Corp.*, 287 Ill. App. 3d 900 (1997), more closely than it does any of the cases cited by garnishee in support of the judgment. In *Enclosures, Inc.*, the trial court initially defaulted the defendant, but the plaintiff then failed to appear at the prove-up, so the trial court dismissed the case for want of prosecution. The plaintiff reinstated the case and notified the defendant, which again did not appear, and so the trial court entered a new default judgment against the defendant. The defendant petitioned to vacate the judgment on the grounds that it had a good defense, that it had temporarily been without litigation counsel when the trial court entered the judgment, and that it was unaware that the reinstatement of the case required it to act. *Enclosures, Inc.*, 287 Ill. App. 3d at 901. The trial court found that the defendant had not been diligent, but nevertheless granted the petition. *Enclosures, Inc.*, 287 Ill. App. 3d at 901-02. However, the appellate court held that the defendant had failed to exercise *any* diligence, that no extraordinary circumstances existed to justify the complete relaxation of the diligence requirement, and that the trial court had thus abused its discretion in granting the section 2—1401 petition. *Enclosures, Inc.*, 287 Ill. App. 3d at 903. The present case is likewise one in which the garnishee's only explanation for its lack of diligence is that one of its employees wrongly concluded that it did not need to present the trial court with its defense. Garnishee has displayed a

nearly complete lack of diligence, and no extraordinary circumstances mitigate this failure. The trial court therefore abused its discretion in granting garnishee's section 2—1401 petition.

For the reasons given, the order of the circuit court of Kane County is reversed.

Reversed.

GROMETER and KAPALA, JJ., concur.